FILED

2011 Mar-31  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **WILLIE BIES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CASE NO. 7:10-CV-1613-SLB** |
| | ) |
| **CITY OF TUSCALOOSA; CITY OF** | ) |
| **TUSCALOOSA FIRE & POLICE** | ) |
| **PENSION BOARD,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Motions to Dismiss or, in the Alternative, Motions to Consolidate or Transfer.  (Docs. 5 and 6.)[1]  Plaintiff Willie Bies has sued the Fire and Police Pension Board and his former employer, the City of Tuscaloosa, alleging, *inter alia*, that he was wrongfully denied a pension by the City and the Board.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' Motions to Transfer are moot, their Motions to Consolidate are due to be denied, and their Motions to Dismiss are due to be granted. (Docs. 5 and 6.)

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I.  MOTIONS TO TRANSFER

On July 13, 2010, Judge Acker transferred this case to the Western Division.  (Doc. 11.)  Therefore, defendants' Motions to Transfer, (docs. 5 and 6), are moot.

## II.   MOTIONS TO CONSOLIDATE

Defendants ask this court to consolidate this case with *Bies v. City of Tuscaloosa*, Case No. 7:10-CV-0016-SLB [hereinafter *Bies I*].  For reasons set forth in the Memorandum Opinion entered in *Bies I*, that case will be dismissed.  Therefore, defendants' Motions to Consolidate, (docs. 5 and 6), will be denied.

## III.  MOTIONS TO DISMISS

### A.  STATUTE OF LIMITATIONS

Defendants contend that plaintiff's claims are due to be dismissed as untimely filed.  (Doc. 5 ¶ 5; doc. 6 ¶ 5.)  "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense 'only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.'"  *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)(quoting *Knight v. E.F. Hutton & Co.*, 750 F. Supp. 1109, 1112 (M.D. Fla. 1990); citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and *Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 969 (5th Cir. Unit B 1981)).

Plaintiff's Complaint contains the following claims:  Count One – 42 U.S.C. [§] 2000, et seq [Title VII]; Count Two – 42 U.S.C. § 1982; Count Three – 42 U.S.C. § 1981; Count Four – Age Discrimination Act [ADEA]; and Count [Five] – Lilly Ledbetter Fair Pay Act.

(Doc. 1.)  Plaintiff alleges that he was denied participation in the Fire and Police Pension Fund on or before 1981.  (Doc 1 ¶ 9.)  He contends he was denied participation in the Fund because he was 35 years old before he became a regular police officer and, thus, ineligible to participate in the Fire and Police Pension Fund.  (*Id.*)  In 1991 he retired after 25 years as a police officer for the City.  (*Id.* ¶ 10.)  At that time, he was told he would receive $187 per month as a pension from the Hourly Employees Pension Fund; he disputed the amount and type of his retirement benefit.  (*Id.*)  He alleges that in 1993 the City "agreed that he was eligible for the Police Fund."  (*Id.* ¶ 13.)

In 2009, according to plaintiff's Complaint, defendants "publicly deliberated upon [and] made decisions about the plaintiff's retirement requests without his permission to disclose the same and without affording him proper notice and an opportunity to be heard as guaranteed by the respective enabling legislation, rules and regulation of [the Hourly Employees Pension Fund and the Fire and Police Pension Fund]."[2]  (*Id.* ¶ 14.)   He also alleges that defendants have denied him access to public records.  (*Id.* ¶ 15.)  Plaintiff claims these acts constitute disparate treatment and disparate impact discrimination and that the discriminatory acts constitute continuing violations.

Plaintiff opposes defendants' Motions to Dismiss, arguing:

9.  The High Court in *Arizona Governing Committee For Tax Deferred Annuity And Deferred Compensation Plans v. Norris*, 103 S. Ct. 3492, 463

---

[2]Plaintiff's Complaint does not contain a § 1983 claim alleging violation of his due process rights.  (*See generally* doc. 1.)

3

U.S. 1073 (1983) ruled that Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). There is no question that the opportunity to participate in a deferred compensation plan constitutes a "conditio[n] or privileg[e] of employment," and that retirement benefits constitute a form of "compensation." Furthermore, the *Arizona* case included at least ten plaintiffs who had already "retired" and were otherwise "employees" for purposes of Title VII. *Arizona Governing Committee For Tax Deferred Annuity And Deferred Compensation Plans v. Norris*, 103 S. CT. 3492, 463 U.S. 1073, 1078 (1983). The defendants' claims in this respect are wholly without merit.

10. The acts complained of in the plaintiff's complaint otherwise state claims for both disparate treatment and disparate impact under the authority and guidelines set forth in *Lewis v. City of Chicago*, [130 S. Ct. 2191 (2010)] and the statutes cited therein.

(Doc. 10 at 4-5.)

To the extent plaintiff argues his claim for a retirement benefit has been tolled based on *Norris*, *Lewis*, and/or the Lily Ledbetter Fair Pay Act, his argument is misplaced. Plaintiff's claims arise from the alleged wrongful denial of a pension. "Pension checks . . . are based on a pension structure that is applied only once, ***when the employee retires***, and the pension checks merely flow from that single application. *Maki v. Allete, Inc.*, 383 F.3d 740, 744 (8th Cir. 2004)(citing *Florida v. Long*, 487 U.S. 223, 239 (1988))(emphasis added). Therefore, any claim for a pension from either the Police and Firemen's Pension Fund or the Hourly Employees Pension Fund accrued, at the latest, on the day Officer Bies retired in

1991.  Thereafter, he had 180 days to seek relief pursuant to Title VII and the ADEA and two years to seek relief through a § 1983 claim for violations of § 1981 and/or § 1982.[3]

Plaintiff contends that the *Norris* case had "at least ten plaintiffs who had already 'retired.'"  (Doc. 10 at 4 [citing *Norris*, 463 U.S. at 1078].)  Although the *Norris* Court noted that retired women were part of the class, it did not address whether their claims were timely based on the date they had retired and the date a charge was filed with the EEOC.   The mere mention in *Norris* of the fact that some plaintiffs had retired does not provide support for plaintiff's assertion that his claims are timely.

For purposes of Title VII and ADEA claims, the Lily Ledbetter Fair Pay Act, codified at 42 U.S.C. § 2000e-5(e)(3)(A), provides:

> [A]n unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, [1] when a discriminatory compensation decision or other practice is adopted, [2] when an individual becomes subject to a discriminatory compensation decision or other practice, or [3] when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A).  A plaintiff must demonstrate "a ***present violation*** within the limitations period" to have a timely claim.  *Lewis*, 130 S. Ct. at 2199 (emphasis added).

---

[3]Section 1983 provides the exclusive remedy for actions against state agents for violations of section 1981 and/or section 1982. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731-33. (1989)

5

In *Lewis*, the Supreme Court held that disparate impact claims arise when an employer "uses" a employment practice that has a discriminatory impact within the charging period, which in Alabama is 180 days.[4]  "For disparate-treatment claims – and others for which discriminatory intent is required – that means the plaintiff must demonstrate deliberate discrimination within the limitations period." *Id*.  For disparate impact claims, a plaintiff can establish a timely disparate impact claim by showing that the "employer . . . use[d] a practice that cause[d] disparate impact" within the limitations period." *Id*. at 2200; *see also id*. at 2198-99.  Assuming only for purposes of deciding defendants' Motions that defendants intentionally discriminated against plaintiff and/or that they used employment practices that caused a disparate discriminatory impact to deny him a pension, the court finds that plaintiff's cause of action accrued no later than the day he retired without the desired pension.  Because he did not file a timely cause of action under any of the statutes he now alleges defendants had violated,[5] his claims are untimely.

---

[4]*See* 42 U.S.C. 2000e-5(e)(1)(Title VII); 29 U.S.C. § 626(d)(1)(A)(ADEA).

[5]Section 1982 provides, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  Claims based on § 1982 have a two-year statute of limitations in Alabama.  Claims based on § 1981, actionable against state actors only through § 1983, have a two or four year statute of limitations depending on whether "the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008)(citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Butts v. County of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000).

Title VII provides:

Any actions by defendants taken in 2009 do not constitute new or continuing acts of discrimination. Plaintiff cannot revive his time-barred claims by complaining to defendants in 2009 that he did not receive the pension he deserved in 1991. *See Delaware State College v. Ricks*, 449 U.S. 250, 261 n.15 (1980)("Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws."), *quoted in Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 131 (1st Cir. 2009); *Long v. Howard University*, 550 F.3d 21, 26 (D.C. Cir. 2008). No new employment discrimination occurred in 2009 upon which plaintiff can base a timely claim. Nothing that occurred in 2009 denied plaintiff of any then-viable contract or property right. To the extent that plaintiff had any right to a pension in 1991, he lost the right to seek legal relief when he did not timely challenge the denial in court. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Ledbetter*

---

(1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . .

. . .

(3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C.A. § 2000e-5(e)(1), (3)(A). The ADEA also requires that a charge of discrimination be filed with the EEOC "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1)(A).

*v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1179 (11th Cir. 2005); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002)("If the victim of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful." (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977))).

Any discussion regarding plaintiff's pension in 2009 did not have any effect on his right to a pension in 1991.

The Supreme Court has held:

> Statutes of limitations, which "are found and approved in all systems of enlightened jurisprudence," *Wood v. Carpenter*, 101 U.S. 135, 139, 25 L. Ed. 807 (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S. Ct. 582, 586, 88 L. Ed. 788 (1944).  These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.  *United States v. Marion*, 404 U.S. 307, 322, n.14, 92 S. Ct. 455, 464, n.14, 30 L. Ed. 2d 468 (1971); *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 1054, 13 L. Ed. 2d 941 (1965); *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S. Ct. 1137, 1142, 89 L. Ed. 1628 (1945); *Missouri K. & T. R. Co. v. Harriman*, 227 U.S. 657, 672, 33 S. Ct. 397, 401, 57 L. Ed. 690 (1913); *Bell v. Morrison*, 1 Pet. 351, 360, 7 L. Ed. 174 (1828).

*United States v. Kubrick*, 444 U.S. 111, 117 (1979).  "It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims.

But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." *Id.* at 125.[6]  Because plaintiff's claims based on the denial of pension benefits are time barred, such claims must be dismissed.

## B.  CLAIMS BASED ON ACTIONS IN 2009

Defendants contend that plaintiff's claims "are virtually identical" to the claims raised in *Bies v. Tuscaloosa*, 7:10-CV-0016-SLB.  (Doc. 5 ¶ 6; doc. 6 ¶ 6.)  "The pendency of a prior pending action in the same federal court is ground for abatement of the second action." *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947)(citations omitted).  A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)(quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977))(internal quotations omitted).  "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Id.* (citations omitted)

In his Complaint, plaintiff alleges,

[On] August 4, 2009, the defendant by and through Mayor Maddox [and] the City Attorneys[,] and on March 9, 2009[,] the Police Fund publicly deliberated upon [and] made decisions about the plaintiff's retirement requests without his permission to disclose the same and without affording him proper notice and an opportunity to be heard as guaranteed by the respective enabling legislation, rules and regulations of said funds.  They also failed to notify him

---

[6]A close study of the history of this case reveals that the City has, on more than one occasion made efforts to assist Mr. Bies in participating in the Fire and Police Pension Fund.

9

of or offer to let him see his own personnel files and any and all laws, notices, circulars, pamphlets or other writings that might support his request.  Only African American "regular" police officers' retirement business is handled in this fashion versus non-African American "regular police officers who are afforded all rights to participate in and make their case for their retirement.

On or about October 11, 2009[,] the plaintiff requested various public records from the defendants.  The defendants denied the plaintiff access to said information requested by the plaintiff.  Only African American "regular" police officers are refused the right to review their files where non-African American "regular" police officers are given access to their files to defend their retirement claims

(Doc. 1 ¶¶ 14-15.)

These incidents form the basis of a number of plaintiff's claims in *Bies v. Tuscaloosa*, 7:10-CV-0016-SLB.  To the extent plaintiff seeks relief based on these incidents in this case, his claim are dismissed as duplicative of his claims in *Bies v. Tuscaloosa*, 7:10-CV-0016-SLB.

10

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendants' Motions to Transfer, (docs. 5 and 6), are moot; their Motions to Consolidate, (docs. 5 and 6), will be denied; and their Motion to Dismiss, (Docs. 5 and 6), will be granted.  An Order in conformity with this Memorandum Opinion and dismissing plaintiff's Complaint will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 31st day of March, 2011.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE